**ALD-197**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────

No. 10-1884

───────────

IN RE: DAVID KAUFMAN,
Petitioner

───────────

On Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to D.C. Civil Action No. 09-cv-0891)

───────────

Submitted Under Rule 21, Fed. R. App. P.
May 13, 2010

Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed June 4, 2010)

───────────

OPINION

───────────

PER CURIAM

        Petitioner David Kaufman, a state prisoner proceeding pro se, seeks a writ of

mandamus either compelling the District Court to rule on his second motion for release

on bail or granting his release on bail pursuant to this Court's authority.  For the reasons

that follow, we will deny the petition.

        In 1999, Kaufman was sentenced to six consecutive eight to twenty-four month

sentences on six charges of making terroristic threats, with credit to be given for time served in county jail. He was also sentenced to ten years of probation to run consecutive to his term of incarceration.

In May 2009, Kaufman filed in the District Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Kaufman raised a variety of challenges to his sentence calculations and further claimed that one of the conditions of his parole was illegal. In July 2009, Kaufman filed in the District Court a "renewed motion for bail," seeking his release from prison pending resolution of the habeas petition. That same month, the District Court denied Kaufman's bail motion, finding that he did not meet the standard for relief set forth in Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992). In July 2009, Kaufman filed a second "renewed motion for bail" which the District Court has yet to rule on.

A writ of mandamus is an extraordinary remedy. See In re Pasquariello, 16 F.3d 525, 528 (3d Cir. 1994). The petitioner must have no other adequate means to obtain the relief desired and the petitioner must show a "clear and indisputable" right to the writ. See Kerr v. United States District Court, 426 U.S. 394, 403 (1976). In addition, mandamus is not a substitute for an appeal; if a petitioner can obtain relief by an ordinary appeal, a court will not issue the writ. See In re Ford Motor Co., 110 F.3d 954, 957 (3d Cir. 1997). It appears from Kaufman's mandamus petition that he requests that this Court either: 1) compel the District Court to rule on his second pending bail motion; or 2) reverse the District Court's previous denial of his request for bail and grant his release

2

pursuant to our own authority.

To the extent Kaufman asks us to compel the District Court to adjudicate Kaufman's second "renewed motion for bail" pending disposition of his § 2254 petition, we decline to do so. As a general rule, the manner in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, given the discretionary nature of docket management, there can be no "clear and indisputable" right to have the District Court handle a case on its docket in a certain manner. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). While mandamus may be warranted where a District Court's delay is tantamount to a failure to exercise jurisdiction, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), we do not find that this case presents such a situation. We are confident that the District Court will enter an order in due course.

To the extent Kaufman asks as us to construe his mandamus petition as a notice of appeal and overturn the District Court's previous denial of his request for release on bail (and grant his release), we are unable to do so as such a notice of appeal would be untimely. A notice of appeal in a civil case must be filed within thirty days of the date of entry of the judgment or order appealed. See Fed. R. App. P. 4(a)(1)(A); see also Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). The District Court's order denying Kaufman's request for release on bail was entered on July15, 2009. He did not file his mandamus petition until March 31, 2010, which is, of course, well beyond the thirty day

3

appeal period.  Accordingly, we do not have jurisdiction to review the District Court's previous order denying Kaufman's request for release on bail.

For all of these reasons, we will deny Kaufman's mandamus petition.